# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PASSMORE, | : |
| Petitioner, | : |
| v. | : CIVIL ACTION |
| RAYMOND SORBINA, | : NO. 08-5125 |
| Respondent. | : |

## OPINION

Tucker, J.    November ____, 2009

Presently before this Court are the Petition for Writ of Habeas Corpus filed by John Passmore (Doc. 1) ("Petition"); the Report and Recommendation of the Honorable Timothy R. Rice, United States Magistrate Judge (Doc. 26) ("Report and Recommendation"); Petitioner's Objections thereto (Doc. 33) ("Objections"); Petitioner's Motion for a Court Order Direct[ing] State Correctional Institution Albion to Produce Copy of Petition[er]'s Mental Health Record[s] (Doc. 34) ("Motion for a Court Order"); and Petitioner's Verified Statement in Support of Motion for Production of Mental Records (Doc. 35) ("Verified Statement"). For the reasons set forth below, this Court will deny the Petition; approve and adopt the Magistrate's Report and Recommendation; and dismiss as moot the Motion for a Court Order and Verified Statement.

## BACKGROUND

1.  On August 27, 2009, Magistrate Rice issued a Report and Recommendation in the above-captioned case in which he recommended that the Petition be denied with prejudice as untimely under 28 U.S.C. § 2244(d)(1) or, in the alternative, dismissed as procedurally defaulted.

2. In his Objections, Petitioner asserts that in September 2004, he "had to defend his life against one Victor Leon, who attack[ed] Petitioner with a weapon," causing Petitioner to suffer severe depression, anxiety, post-traumatic stress, and other mental conditions. (Pet'r Objections 1-3.) According to Petitioner, those mental conditions, which lasted from 2004 through 2007, constituted "extraordinary circumstances" that prevented him from presenting timely claims. (Pet'r Objections 3.) He further argues that his mental incapacity constituted "cause" for any procedural default because it "prevented him from even knowing he existed, and let alone to be aware [sic] of legal issues." (Pet'r Objections 6.) In addition, Petitioner claims that the Commonwealth's failure to present evidence concerning a two-liter bottle of Mountain Dew constituted "a fundamental miscarriage of justice" because that evidence "was critical to show what happened in Pennsylvania as to the alleged kidnapping." (Pet'r Objections 6-7.)

3. This Court approves of Magistrate Rice's findings that Petitioner failed to file his habeas petition before the federal limitations period expired and to satisfy the exceptions thereto (Rep. & Recomm. 5-9), and that Petitioner's habeas claims were not adequately exhausted and are procedurally defaulted (Rep. & Recomm. 9-13).

**TIMELINESS**

4. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year federal limitations period for filing applications for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). Petitioner exceeded that limitations period when he failed to file his federal habeas

petition on or before May 11, 2006, one year after his judgment of sentence became final.[1] See Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999) (judgment of conviction becomes "final" when the time for seeking certiorari review expires).

5. Although equitable factors may permit the tolling of the AEDPA's one-year limitations period, federal courts invoke the doctrine of equitable tolling "only sparingly" in the "rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." See, e.g., United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (citations omitted); Miller v. N.J. State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) ("equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair"). Equitable tolling may be warranted if: (1) the petitioner has been actively misled; (2) extraordinary circumstances prevented the petitioner from asserting his rights; or (3) the petitioner timely asserted his rights mistakenly in the wrong forum. See, e.g., Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). None of those circumstances exist here.

6. Where mental incompetency is alleged, to justify equitable tolling, there must be a nexus between the petitioner's mental condition and his inability to file a timely petition. See, e.g., United States v. Harris, 268 F. Supp. 2d 500, 507 (E.D. Pa. 2003); see also Nara v. Frank, 264 F.3d 310, 319-20 (3d Cir. 2001) ("mental incompetence is not a per se reason to toll a statute of limitations"); Stephens v. Wynder, No. 3:07-CV-0412, 2008 U.S. Dist. LEXIS 30748, at *11 (M.D. Pa. Mar. 31, 2008) ("Numerous district courts in the Third Circuit have held that

---

[1] The Magistrate found that Petitioner's judgment of sentence became final on May 11, 2005, the date by which Petitioner could have filed a writ of certiorari to the United States Supreme Court after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court. (Rep. & Recomm. 6.)

depression is a normal part of prison life, and therefore does not warrant equitable tolling of the statute of limitations."). If the mental condition "burdens but does not prevent a prisoner from filing a timely petition[, it] does not constitute 'extraordinary circumstances' justifying equitable tolling." See, e.g., Harris, 268 F. Supp. 2d at 507.

7. If Petitioner did suffer from mental health problems, as he alleges, it is not clear that those problems prevented him from "managing his affairs and from understanding his legal rights and acting upon them." See Stephens, 2008 U.S. Dist. LEXIS 30748, at *10 (citation omitted). During the time period he claims he was mentally impaired, Petitioner continued to file pleadings and motions, including a habeas petition in this Court on December 11, 2005, a motion for reconsideration on June 7, 2006, and a pro se petition under the Pennsylvania Post-Conviction Relief Act ("PCRA") on October 1, 2007. Although those pleadings and motions ultimately were not successful, their filing suggests that Petitioner was capable of asserting his rights if he so chose. Without some evidence to the contrary, Petitioner has not shown a causal connection between his alleged mental incapacity and his ability to file a timely habeas petition.

**EXHAUSTION**

8. Even if Petitioner can demonstrate with mental health records or otherwise that extraordinary circumstances prevented him from timely asserting his rights, his habeas petition is denied because he failed to raise his claims on direct appeal or during review under the PCRA. (Rep. & Recomm. 9-13.)

9. A federal court may not grant habeas relief to a state prisoner unless the prisoner

4

exhausted his available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); e.g., Cone v. Bell, 129 S. Ct. 1769, 1780 (2009); O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007). To exhaust his available remedies, "a petitioner must 'fairly present' all federal claims to the highest state court before bringing them in federal court." E.g., Stevens v. Del. Corr. Ctr., 295 F.3d 361, 369 (3d Cir. 2002) (quoting Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)). A claim "shall not be deemed exhausted so long as a petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented.'" 28 U.S.C. § 2254(c). The policy behind the exhaustion requirement is to afford state courts "'an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'" United States v. Bendolph, 409 F.3d 155, 173 (3d Cir. 2005) (quoting Duckworth v. Serrano, 454 U.S. 1, 3 (1981)).

10. In the instant habeas petition, Petitioner raises the following grounds: (1) the Commonwealth failed to disclose to Petitioner the nature and cause of its action, in violation of Petitioner's due process rights; (2) the Commonwealth improperly executed a probable cause affidavit without disclosing the nature and cause of its action, in violation of Petitioner's due process rights; (3) the Commonwealth improperly held Petitioner to answer to an infamous crime without an indictment or presentment of grand jury, in violation of Petitioner's due process rights; and (4) counsel provided ineffective assistance due to a conflict of interest. (Habeas Pet., Oct. 27, 2008, 9-10.) Petitioner did not fairly and properly present those claims to the state courts in his post-sentence motions, on direct appeal, or in his PCRA petition.[2] Therefore,

---

[2] The Magistrate found that in Petitioner's post-sentence motions and on appeal, he asserted the following claims: (1) there was insufficient evidence to establish beyond a reasonable doubt that Passmore kidnapped the victim and, therefore, to support Passmore's conviction for second-degree murder; (2) the trial court erred in

5

having failed to exhaust his claims, Petitioner is not entitled to habeas relief.

**PROCEDURAL DEFAULT**

11. Moreover, Petitioner's claims are procedurally defaulted and, therefore, not reviewable. (Rep. & Recomm. 9-13.) When a state court refuses to address a petitioner's claims because of a violation of state procedural rules, "a federal habeas court is barred by the procedural default from considering the claims, unless the petitioner can show 'cause' for the default and 'prejudice' attributable thereto." E.g., Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citing Harris v. Reed, 489 U.S. 255, 262 (1989)).

12. Petitioner's PCRA action, filed in October 2008, was deemed untimely by the Pennsylvania courts, see Commonwealth v. Passmore, No. 2894 EDA 2008 (Pa. Super. Ct. May 20, 2009), and a subsequent petition would be deemed untimely by the Pennsylvania courts under

---

accepting Passmore's guilty plea based on improper venue and lack of subject matter jurisdiction; (3) the trial court erred in delaying its ruling concerning venue and subject matter jurisdiction until after evidence was presented at trial; (4) the trial court incorrectly stated Passmore's guilty plea was inseparable from the degree of guilt hearing; (5) the trial court's finding of second-degree murder was against the weight of the evidence; (6) Passmore's prior convictions for simple assault were improperly admitted into evidence; (7) emails between Passmore and the victim were improperly admitted into evidence; and (8) the medical examiner's testimony was improperly admitted into evidence. (Rep. & Recomm. 1-2.) In his subsequent PCRA action, Petitioner asserted the following claims: (1) his plea agreement was violated when he pleaded guilty to kidnapping; (2) his sentence was illegal; and (3) his guilty plea was not entered knowingly, intelligently, and voluntarily. (Rep. & Recomm. 3-4.) He later amended his PCRA petition to include the claim that "the plea agreement was violated between the Commonwealth and [Passmore] when the district attorney, at the time of the colloquy, read into the facts the underlying charges or the act of kidnapping as part of the factors to try and up the degree of murder." (Rep. & Recomm. 4.) Thereafter, Petitioner made his second habeas filing in this Court (his first federal habeas petition was denied for failure to complete this Court's standard form) which is presently being considered. The instant habeas petition raises grounds which were not properly presented on direct appeal or in a timely PCRA action. To the extent that Petitioner's first two federal habeas claims (regarding the Commonwealth's failure to disclose the nature and cause of its action) are related to his PCRA claim alleging that he unknowingly pleaded guilty to kidnapping in violation of his plea agreement, the substance of that claim was not exhausted as Petitioner failed to present that claim in a manner that would put the state court on notice that a federal claim was, in fact, being asserted. See Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). Moreover, his PCRA action raising the claim of unknowing plea and violation of plea agreement was determined by the Pennsylvania Superior Court to be untimely filed, dismissed on procedural grounds for lack of jurisdiction, and not decided on the merits. See Commonwealth v. Passmore, No. 2894 EDA 2008 (Pa. Super. Ct. May 20, 2009). Therefore, Petitioner's federal habeas claims were not fairly presented to the state courts.

6

42 Pa. C.S.A. § 9545(b). In addition, since Petitioner already has challenged his conviction on direct appeal, any new claims challenging his conviction would be deemed previously litigated and/or waived under the PCRA. See 42 Pa. C.S.A. § 9544(a)-(b); Commonwealth v. Edrington, 464 A.2d 456, 458 (Pa. Super. Ct. 1983) ("petitioner is not allowed to relitigate a finally litigated ground for relief every time he advances a new legal theory").

13. Furthermore, Petitioner has not demonstrated cause and prejudice that would excuse the default, or that a fundamental miscarriage of justice would occur if the claims were not considered. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (miscarriage of justice demonstrated by evidence of "actual innocence"); McCleskey v. Zant, 499 U.S. 467, 494 (1991) (quoting United States v. Frady, 456 U.S. 152, 168 (1982)) (petitioner must show "actual prejudice resulting from the errors of which he complains"); Murray v. Carrier, 477 U.S. 478, 488 (1986) (cause is shown by some "objective factor external to the defense" that impedes petitioner's efforts to comply with the procedural rule). Therefore, in the absence of sufficient facts to excuse the default, substantive review of the grounds raised by Petitioner is procedurally barred.

An appropriate order follows.